IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDSON GARDNER,<br><br>              Plaintiff,<br><br>vs.<br><br>UINTAH COUNTY CLERK-AUDITOR MICHAEL WILKINS, and UINTAH COUNTY JUSTICE COURT JUDGE G.A. PERRY,<br><br>              Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:13-CV-1027-TC |

In November 2013, Mr. Edson Gardner, acting *pro se*, filed an Amended Complaint for Declaratory and Injunctive Relief against the Uintah County Clerk-Auditor and a Uintah County Justice Court Judge. The Defendants have filed a Motion to Dismiss, Motion for Sanctions, and Motion for Filing Restrictions (Doc. No. 14).

Mr. Gardner is not a stranger to this court. He has filed many lawsuits, and many motions, in this venue over the years. In this case alone, after the Defendants filed their motion, Mr. Gardner, instead of responding to the motion, filed six motions in a span of approximately three weeks. Mr. Gardner's motions included a Motion for Service of Process (Doc. No. 17), Motion for Clarification of an order from another case (Doc. No. 18), Motion for Temporary Restraining Order (Doc. No. 21), Motion for Discovery (Doc. No. 22), "Motion for Supplemental Authority" (Doc. No. 23), and Motion to Strike the Defendants' Motion for Sanctions (Doc. No.

27).

After that slew of motions came in, the court issued an order directing the parties to refrain from filing any more pleadings in the case so that court would be able to review Mr. Gardner's Amended Complaint and pending motions. (Doc. No. 28.) The court has now reviewed Mr. Gardner's Amended Complaint as well as the Defendants' Motion to Dismiss, for Sanctions, and for Filing Restrictions. For the reasons set forth below, the court GRANTS IN PART AND DENIES IN PART the Defendants' motion.

**BACKGROUND**

In his Amended Complaint (Doc. No. 4), Mr. Gardner seeks a declaratory judgment and injunctive relief. Mr. Gardner essentially contends that (1) he is an Indian ("a Uintah Indian Descendant"), (2) his status protects him from the "unlawful interference, taxation, and regulation by Uintah County local governments," (3) Uintah County, by enforcing its laws against him, is acting outside its jurisdiction, and (4) this court must enjoin Uintah County from prosecuting him under local laws. (Am. Compl. ¶¶ 1, 5, 10-11.)

His allegations generally describe Uintah County's efforts to enforce its laws (presumably against him, although that is not made completely clear)[1] in "Indian Country," which he also refers to as "Uintah Valley Reservation established by Uintah Valley Executive Order of 1861 and 1864 Act of Congress," as defined in 18 U.S.C. § 1151. In addition to his very general conclusory allegations, he fills his Amended Complaint with legal conclusions.

---

[1] He alleges that Uintah County continues to "prosecute specified crimes committed by <u>Plaintiff Uintah Indian Descendants</u> on Uintah Valley Indian Reservation . . . ." (Am. Compl. (Doc. No. 4) ¶ 5 (emphasis added).)

This case has been preceded by numerous legal actions initiated by Mr. Gardner. In particular, in an August 24, 2012 Order and Memorandum Decision (in a case against the State of Utah and the same Uintah County Clerk-Auditor named as a defendant here), this court noted that:

> Plaintiff Edson Gardner has filed a large number of cases in the United States District Court for the District of Utah in which he contends that the State of Utah and various counties have no authority over him or his property. Now, in the above-captioned matter, Mr. Gardner seeks a declaratory judgment stating that his lands are located within the Uintah and Ouray Reservation and that he, and other Uintah Indian descendants, are not subject to taxation by the State of Utah or Uintah County. Mr. Gardner also requests the court to enjoin the Defendants from collecting any taxes from the descents of Uintah Indians who earn income and reside within the geographical boundaries of the Uintah and Ouray Reservation.
>
> But these matters have already been litigated . . . [and] the Tenth Circuit held that Mr. Gardner was subject to the authority of the State of Utah. . . . Mr. Gardner cannot demonstrate that this taxation will irreparably harm either him or other descendants of terminated mixed-blood Utes.

(Aug. 24, 2012 Order & Mem. Decision in <u>Gardner v. State of Utah</u>, Case No. 2:12-cv-474-TC, (D. Utah) at 1-2.) In the August 24, 2012 Order, the court "warn[ed] Mr. Gardner that any further attempt to relitigate these issues will result in sanctions." (<u>Id.</u> at 2.) The suit now before the court raises the very same issues.

## ANALYSIS

The Defendants seek dismissal, sanctions, and restricted filing status for Mr. Gardner. Based on the procedural background stated above, case law, and the content of the Defendants's motion (Doc. No. 14), the court dismisses all of Mr. Gardner's claims with prejudice. Under Federal Rule of Civil Procedure 12(b)(6), Mr. Gardner's Amended Complaint does not state a claim for which relief can be granted. Under the Rule 12(b)(6) standard of review, the court

must take all well-pleaded facts as true for purposes of analyzing the motion to dismiss. Khalik v. United Air Lines, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). To survive a motion to dismiss, a plaintiff must plead enough facts to state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Mr. Gardner's allegations are extremely "threadbare." And any attempt to amend the complaint would be futile. (See also Defs.' Mot. Dismiss (Doc. No. 14) at 2 (contending that Mr. Gardner's complaint should be dismissed with prejudice under Rule 12(b)(6), Rule 12(c), the law of the case doctrine, res judicata and lack of standing).)

The court also imposes monetary sanctions against Mr. Gardner. The court clearly stated that any attempt by Mr. Gardner to relitigate the issues addressed in the court's previous orders would result in sanctions. His Amended Complaint attempts exactly that. Accordingly, the court imposes sanctions on Mr. Gardner in the form of payment to the Defendants of a reasonable amount of their attorneys' fees and costs incurred in defending against Mr. Gardner's current action. The Defendants are hereby directed to file documentation supporting the amount of fees and costs incurred. Upon review, the court will issue an order requiring Mr. Gardner to pay what it considers to be reasonable fees and costs incurred by the Defendants.

Finally, the court grants in part and denies in part the remainder of the Defendants' motion. Specifically, the court denies the Defendants' request for an order to show cause why Mr. Gardner should not be held in contempt. The relief provided in this order is sufficient at this time. The court also denies the Defendants' request to immediately impose an order "restricting

Mr. Gardner from bringing future lawsuits challenging and/or addressing, either directly or indirectly, the State of Utah, Uintah County and/or any Utah County's civil and/or criminal authority over him or his property." (Doc. No. 14.) Instead, the court will issue a separate order to show cause why Mr. Gardner should not be placed on the court's restricted filer list for any action filed in this court, whether it be against the Defendants here or any other party.

## ORDER

For the foregoing reasons, Defendants' Motion to Dismiss, Motion for Sanctions, and Motion for Filing Restrictions (Doc. No. 14) is GRANTED IN PART AND DENIED IN PART. The Clerk of the Court is hereby directed to issue a judgment of dismissal with prejudice. The Defendants are ordered to file documentation of reasonable attorneys' fees and costs incurred in defending this action. Upon receiving and reviewing such documentation, the court will issue an order requiring Mr. Gardner to pay to the Defendants a fee-based sanction. The court will address possible restricted filer status for Mr. Gardner in a separate order to show cause.

SO ORDERED this 2nd day of June, 2014.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge